U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 3 0 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**KENDRICK M. WILLIAMS (#412749)**   DOCKET NO. 15-cv-2024; SEC. P

**VERSUS**   JUDGE DRELL

**WARDEN**   MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Kendrick M. Williams filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 8, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. He challenges his conviction and sentence in the Tenth Judicial District Court, Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner was indicted on one count of second degree murder, in violation of La.R.S. 14:30.1; two counts of attempted second degree murder, in violation of La.R.S. 14:30.1 and La.R.S. 14:27; and one count of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. See State v. Williams, 2010-900 (La. App. 3 Cir. 3/9/11). Following a trial by jury, Defendant was found guilty as charged. He was sentenced to life imprisonment for the murder conviction, twenty-five years for each of the attempted

second degree murder convictions, and ten year for the firearm charge, all to run consecutively and without benefit of probation, parole, or suspension of sentence. Id.

Petitioner appealed his conviction and sentences, which were affirmed on appeal. State v. Williams, 2010-900 (La. App. 3 Cir. 3/9/11); writ denied 76 So.3d 1173 (La. 2011). The Louisiana Supreme Court denied writs on December 2, 2011. Petitioner did not seek further review in the United States Supreme Court.

Petitioner filed an application for post-conviction relief in the Tenth Judicial District Court on September 9, 2013. [Doc. #1, p.15] The application was denied without an evidentiary hearing on October 14, 2013. [Doc. #1, p.15] Petitioner filed a writ application in the Third Circuit Court of Appeal on November 12, 2013, which was denied on February 21, 2014. [Doc. #1, p.36] The Louisiana Supreme Court also denied supervisory writs on November 7, 2014. State ex rel. Williams v. State, 2014-0482 (La. 11/7/14), 152 So. 3d 170.

### Law and Analysis

**1. Limitations - 28 U.S.C. §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This

2

limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). **However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period**. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998). Of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The Louisiana Supreme Court denied Petitioner's writs on direct review on December 2, 2011. He did not seek further review in the United States Supreme Court. Thus, his conviction and sentence became final ninety days later, on March 1, 2012. Thereafter, petitioner had 1-year, or until March 1, 2013, within

3

which to file his federal habeas corpus petition. Petitioner's federal habeas corpus petition, filed in July 2015 is clearly time-barred unless he can establish that he is entitled to either statutory tolling pursuant to Section 2244(d)(2) or equitable tolling.

## 2. Statutory Tolling

Petitioner cannot rely on the tolling provision of §2244(d)(2). Petitioner filed an application for post-conviction relief on September 9, 2013. However, the limitations period under the AEDPA had already expired as of March 1, 2013. As previously noted, any lapse of time before the proper filing of an application for post-conviction relief or other collateral attack in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998). Thus, Petitioner does not receive any benefit from statutory tolling.

## 3. Equitable Tolling

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A

petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner offered no evidence or argument to establish his entitlement to equitable tolling.

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the petition for *writ of habeas corpus* filed pursuant to §2254 be **DENIED AND DISMISSED WITH PREJUDICE** as barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 30th day of September, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6